UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKOMO BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09-cv-00647-TWP-TAB |
| ) | |
| ROBERT M. GATES, Secretary, ) | |
| Department of Defense ) | |
| ) | |
| Defendant. | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's, Robert M. Gates, Secretary, Department of Defense ("Defendant"), Motion for Summary Judgment [Dkt. 31]. Plaintiff, Rickomo Bennett ("Plaintiff") filed suit in this Court alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 2000e, *et seq.*, based on retaliation and hostile work environment, as well as violations of 42 U.S.C. Section 1981 ("§ 1981"). For the reasons set forth below, Defendant's Motion for Summary Judgment [Dkt. 31] is **GRANTED**.

**I. BACKGROUND**

For all times relevant to this case, Plaintiff was employed as a Military Pay Technician at the Department of Defense ("DoD") Finance and Accounting Service, Indianapolis ("DFAS-Indianapolis") in the Debt Establishment Branch. Campbell Decl. In 2008, Alton Campbell ("Campbell"), Chief of the Debt Establishment Branch, helped Plaintiff transfer from his previous position in the Denver office to Indianapolis, including helping Plaintiff properly file travel vouchers and arranging for DoD to pay Plaintiff's moving expenses. *Id.* at ¶¶ 17–18.

Under DFAS-Indianapolis's organizational structure, each Military Pay Technician is assigned to a Section that includes a Supervisor and two Fiscal Quality Specialists ("Leads") who oversee the Technician's work. *Id.* at ¶¶ 8–9. Leads are not Supervisors, but they review Technicians' work for accuracy. *Id.* at ¶ 9. From April 16, 2008 to May 8, 2008, Plaintiff's Supervisor was James Martinez ("Martinez"). *Id.* at ¶ 19. From May 8, 2008 until June 2009, Plaintiff's Supervisor was Kathaleen Schenker ("Schenker"). *Id.* at ¶ 20. Plaintiff worked with a number of Leads during his tenure at DFAS-Indianapolis, including Cecil Holt ("Holt") from June 2008 until March 2009. *Id.* at ¶ 21. Paul Williams ("Williams") was one of Plaintiff's co-workers. Bennett Dep. at 200.

On May 15, 2009, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint claiming that he was subject to a hostile work environment beginning in approximately January of 2009. Bennett Dep. at 141. As support for his EEO complaint, Plaintiff provided the following occurrences of harassment:

> 1. At a team meeting on April 30 2009 at 10:00, [Schenker] said "are there any questions, Rick" in a degrading tone. It was humiliating and was discriminatory based on reprisal and hostile work environment.
>
> 2. On February 15, 2009 in the second floor restroom [Campbell] said "Damn" and placed a paper towel to his face when he saw me. As a fellow co-worker him not saying hello was degrading and contributes to a hostile work environment.
>
> 3. At 1237 on April 19, 2009 I asked [Holt] for help with a computer problem. He couldn't fix it and let [Martinez] know. I had to restart my computer 5 times to get it to work correctly. At 1311 [Martinez] and [Holt] were standing at [Holt's] desk looking at me laughing. This was due to race, color, and reprisal.
>
> 4. On May 8, 2009 at 1208 [Williams] walked pass my desk staring at me with an angry look on his face. It was intimidating. This goes to discrimination based on a hostile work environment.
>
> 5. On May 1, 2009 at 1117 after having lunch I saw [Martinez and his wife.

>
> Martinez's wife] pointed at me and said "Kathy told me to watch him" in turn [Martinez] said "that's good we'll get him out of here sooner or later." Hearing that was devastating to me and also creates a hostile work environment.
>
> 6. At 1553 on April 22, 2009 [Schenker] told [Holt] "Rick doesn't think that we are going to fire him" and [Holt] responded by saying "well he thinks wrong" while standing directly across from my desk on the other side of the divider. It was intimidating and made me fearful. This is based on race, color, reprisal and a hostile work environment.
>
> 7. At 1151 on March 30, 2009 [Campbell] stared at me without even blinking for 5 minutes. It was intimidating and makes for a hostile work environment.
>
> 8. On March 24, 2009 at 1055 [Schenker] walked pass my desk peeking over my shoulder. When I looked up at her she was rolling her eyes in a look of disgust. I wondered what I'd done to her to deserve that. This is discrimination based on a hostile work environment and reprisal.

Plaintiff's Internal Complaint at 2–3. Plaintiff further alleges that Campbell took work from his desk. Bennett Dep. at 249–55. Plaintiff acknowledged in his deposition that these were the only occurrences underlying his EEO complaint. *Id.* at 249, 256.

On May 20, 2009, Plaintiff received an adverse agency decision concluding that he had not made out a case for hostile work environment. *See* Final Agency Decision at 3. Plaintiff also was given notice of right to sue. *Id.* at 4. On May 26, 2009, Plaintiff brought suit in this Court alleging discrimination based on retaliation and hostile work environment in violation of Title VII and § 1981. Compl. On June 25, 2010, Defendant filed a Motion for Summary Judgment.

The Court adds additional facts below as needed.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56© provides that summary judgment is appropriate if

3

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubts as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997).

### III.  DISCUSSION

*A.     Evidentiary Concerns*

**1.     Failure to Comply with Local Rules and Federal Rules of Civil Procedure**

Defendant contends that Plaintiff's response fails to comply with Local Rule 56.1 by including only general citations to sections of his deposition and a hand-written, twenty-eight page "diary." In addition, Defendant contends that Plaintiff's response fails to comply with

4

Federal Rule of Civil Procedure 56 because it contains conclusory allegations and citations to Plaintiff's Complaint. Based on these failures, Defendant requests that the Court disregard Plaintiff's statement of facts and accept Defendant's statement of facts as undisputed. Plaintiff does not dispute Defendant's statement of facts. Resp. at 3. Rather, Plaintiff seeks to add additional alleged occurrences of harassment. *Id.* at 4–17. Therefore, the Court will accept Defendant's statement of facts as undisputed.

As to Plaintiff's attempt to bolster his claim with additional alleged occurrences of harassment, the Court will consider these "facts" to the extent that they are relevant and non-conclusory. Plaintiff cannot prevent summary judgment by presenting only conclusory allegations. *See Berry v. Chi. Transit Auth.*, 618 F.3d 688, 692 (7th Cir. 2010). However, the Court finds Plaintiff's factual citations to be adequate to allow the Court to determine whether a genuine issue exists without "scour[ing] the record." *See Ritchie*, 242 F.3d at 723. As least for purposes of the Local Rules and the Federal Rules of Civil Procedure, Plaintiff's proposed facts need not be disregarded absolutely.

**2.    Inadmissibility of Evidence**

Plaintiff attached two sets of exhibits to his response to the Motion for Summary Judgment. The first set includes various emails, reports, and notes purportedly made by various individuals at DFAS-Indianapolis during the investigation of his harassment complaint ("<u>Investigation Documents</u>"). Dkt. 34-1. The second set purports to be Plaintiff's handwritten diary documenting individual incidents of purported harassment ("<u>Harassment Log</u>"). Dkt. 34-2. Defendant contends that Plaintiff's exhibits in response to the Motion for Summary Judgment

should be disregarded as inadmissible, either because they are not authenticated properly or because they seek to contradict Plaintiff's deposition testimony. The Court addresses each of these arguments in turn.

**a.    Authentication**

For purposes of summary judgment, authentication of an exhibit requires only that the proponent of the proffered evidence "make a *prima facie* showing that the exhibit is what the proponent claims it is." *Schmutte v. Resort Condos. Int'l, L.L.C.*, No. 05-CV-311, 2006 WL 3462656, at *5 (S.D. Ind. Nov. 29, 2006) (citing *United States v. Kelly*, 14 F.3d 1169, 1175 (7th Cir. 1994)). Authentication of evidence may be accomplished through a number of means, including testimony from a witness with personal knowledge. *See* Fed. R. Evid. 901. Unauthenticated evidence is inadmissible and may not be considered in evaluating a Motion for Summary Judgment. *Schmutte*, 2006 WL 3462656, at *14 (citing Fed. R. Evid. 901(a)).

The Plaintiff submitted a Harassment Log on the date of his deposition, which consists primarily of diary entires documenting occasions wherein supervisors and coworkers make sniffing noises as they walk past plaintiff's desk  Plaintiff contends that the Harassment Log was properly authenticated in his deposition testimony. *See* Dkt. 37 at 3 (directing the Court to Bennett Dep. at 213–14). However, reviewing the deposition excerpts submitted by both parties, the Court cannot find page 214 of Plaintiff's deposition as having been submitted by either party. Without that excerpt from the deposition, there is no evidence of authentication and the Court is forced to conclude that the Harassment Log has not been authenticated properly and, as such, is not admissible. Therefore, the Court is unable consider the Harassment Log in evaluating the

Motion for Summary Judgment. *See Schmutte*, 2006 WL 3462656, at *14.

Turning to the Investigation Documents, the Court notes that Plaintiff attempts to provide numerous distinct exhibits as a single exhibit, which complicates the authentication inquiry considerably. For ease of discussion, the Court will address these documents as the "Job Description Files" [Dkt. 34-1 at 1–4], the "Plaintiff's Internal Complaint" [Dkt. 34-1 at 5–7], the "Emails" [Dkt. 34-1 at 8–22], and the "Final Agency Decision" [Dkt. 34-1 at 23–26].[1] The Job Description Files, which were used by Defendant in Plaintiff's deposition, were authenticated adequately by Plaintiff's testimony in the deposition. *See* Bennett Dep. at 59–60. Plaintiff's Internal Complaint has been authenticated in the same manner as the Job Description Files. *See id.* at 128, 142–44. The Final Agency Decision also was authenticated through Plaintiff's deposition testimony. *See id.* at 102–04. However, the Court cannot find any deposition testimony authenticating the Emails. Based on a review of the evidence presented, the Court concludes that, at least for purposes of evaluating the Motion for Summary Judgment, Plaintiff has made a *prima facie* showing of authenticity of the Job Description Files, Final Agency Decision, and Plaintiff's Internal Complaint and, therefore, these documents will be considered. However, the Emails and the Harassment Log have not been authenticated and, as such, will not be considered by the Court in evaluating the Motion for Summary Judgment. *See Schmutte*, 2006 WL 3462656, at *14.

---

[1] Although the Investigation Documents exhibit also includes excerpts from Plaintiff's deposition testimony, for purposes of the authentication discussion, the Court uses the term "Investigation Documents" to include all the documents in that exhibit exclusive of the deposition testimony. *See* Dkt. 34-1 at 28–38. The parties do not dispute the authenticity of Plaintiff's deposition testimony.

**b.      Contradiction of Plaintiff's Deposition Testimony**

Defendant correctly notes that Plaintiff cannot contradict his sworn deposition testimony by subsequently introducing other evidence. *See Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168–69 (7th Cir. 1996). Given Plaintiff's failure to authenticate many of the Investigation Documents and the Harassment Log, the contradictions with Plaintiff's deposition testimony are lessened significantly. However, to extent that any of the authenticated documents contradict Plaintiff's deposition testimony, the Court will disregard them. *Accord. id.*

**B.      *Plaintiff's Discrimination Claims***

**1.      Title VII**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (2010). Plaintiff alleges that he was subject to a hostile work environment, in violation of Title VII, based on race, color, and retaliation for previously filing an EEO complaint. However, Plaintiff's deposition testimony clearly waives claims based on race and color, as Plaintiff repeatedly denies that the alleged occurrences of discrimination were based on either race or color. *See* Bennett Dep. at 166–67, 178, 190, 204–05, 221–22, 232–33, 242, 253, 276. Therefore, the Court addresses Plaintiff's Title VII in the context of retaliation only.

**a.      Retaliation**

Title VII also forbids an employer from discriminating against an employee who has "opposed any practice" made unlawful by Title VII or who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a) (2010). A plaintiff may prove retaliation through either the direct or indirect method. *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 838 (7th Cir. 2009). Under the direct method, the plaintiff must present evidence that (1) he engaged in a statutory protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). Under the indirect method, the plaintiff must establish a *prima facie* case by showing that (1) he engaged in protected activity; (2) he suffered a materially adverse action; (3) he was meeting the employer's legitimate expectations; and (4) he was treated less favorably than a similarly situated employee who did not engage in protected activity. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). In determining whether retaliation has occurred, the Court is not required to consider "the nature of the discrimination that led to the filing of the [underlying] charge." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006).

Plaintiff did not indicate in his briefs whether he intends to proceed under the direct or indirect method. However, the Court concludes that Plaintiff's claim fails under either method because he cannot show that he suffered an adverse action. Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Instead, it seeks to discourage only actions "that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers." *Burlington N.*, 548 U.S. at 68. Normally, "petty slights, minor annoyances, and simple lack of

9

good manners will not create such deterrence." *Id.* Plaintiff's allegations amount to nothing more than a lack of good manners towards him in the DFAS-Indianapolis office. Plaintiff alleges that coworkers "walked pass [sic] [his] desk staring at [him] with an angry look on his face," did not say hello to him, and spoke to him "in a degrading tone." Final Agency Decision at 1. While these actions may demonstrate a lack of good manners, they are not severe enough to be likely to deter victims from complaining about discrimination. *See Burlington N.*, 548 U.S. at 68. Plaintiff was not demoted or fired, he was not assigned new job duties or had job duties taken away, and he suffered no change in pay or benefits. *Cf. Lucero v. Nettle Creek Sch. Corp.*, 566 F.3d 720, 729 (7th Cir. 2009) (concluding that reassignment to new position with similar duties was not an adverse action). Although Plaintiff was transferred to the Military Pay Branch in December 2009, Campbell Decl. ¶ 21, this cannot be considered an adverse action, as Plaintiff himself had requested transfer in his EEO complaint. *See* Plaintiff's Internal Complaint at 1 (requesting "[t]o be placed in another department"). The Court concludes that Plaintiff has not shown that he suffered a materially adverse action, and, therefore, his retaliation claim fails.

**b.     Hostile Work Environment**

A hostile work environment claim can be based on retaliation as a protected characteristic. *See Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2005). To create a hostile work environment, the conduct at issue must "have the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). To survive summary judgment on a claim of hostile work environment, the employee needs to show

that (1) the work environment at issue was both objectively and subjectively offensive; (2) the harassment complained of was based on a protected characteristic; (3) the conduct was either severe or pervasive; and (4) there is a basis for holding the employer liable for the harassment perpetrated by its employees. *Dear v. Shinseki*, 578 F.3d 605, 611 (7th Cir. 2009). "Relatively isolated" instances of non-severe misconduct will not support a hostile work environment claim. *Weiss v. Coca-Cola Bottling Co. of Chi.*, 990 F.2d 333, 337 (7th Cir. 1993). Rather, the environment must be "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1045 (7th Cir. 2002). In determining whether a work environment is hostile within the meaning of Title VII, courts focus on the totality of the circumstances, including factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

In *Walker*, the Seventh Circuit acknowledged that a plaintiff may have a viable Title VII hostile work environment claim based on retaliation. *Walker v. Mueller Indus., Inc.*, 408 F.3d 328, 333 (7th Cir. 2005). However, the harassment claimed by the *Walker* plaintiff was insufficiently severe for the court to conclude that he had been subject to a hostile work environment. *Id.* at 333–34. The plaintiff claimed to have suffered a number of incidents of harassment, including having his supervisor follow him around "to spy on him" and whistling "demeaning" songs in his presence, as well as derogatory comments from some of his co-workers coupled with threats of harm. *Id.* at 333. In concluding that the plaintiff had not proven hostile work environment based on retaliation, the court noted that his supervisor's conduct,

while "annoying," was not severe enough to form the basis for a hostile work environment claim. *Id.* at 334. The court also concluded that the plaintiff had not shown that his co-workers' behavior was "retaliatory as opposed to yet another iteration of the inappropriate behavior that appear[ed] to have been common" at the plaintiff's workplace. *Id.*

Similar to *Walker*, Plaintiff has not shown that his harassment was severe enough to constitute a hostile work environment. Plaintiff's allegations largely consist of claims that co-workers looked at him strangely or made isolated comments that Plaintiff perceived as derogatory. These incidents, even though arguably unpleasant, are not severe enough to establish a hostile work environment. *See Weiss*, 990 F.2d at 337 (denying hostile work environment claim for "relatively isolated" instances of non-severe misconduct); *see also McKenzie v. Milwaukee Cnty.*, 381 F.3d 619, 625–26 (7th Cir. 2004) ("unfriendly" behavior of co-worker insufficient for hostile work environment); *Vance v. Ball St. Univ.*, No. 06-cv-1452, 2008 WL 4247836, at *14 (S.D. Ind. Sept. 10, 2008) (Barker, J.) (no hostile work environment where plaintiff alleged that co-worker "mean-mugged" and stared at her). Title VII does "not guarantee a utopian workplace, or even a pleasant one." *Vore v. Ind. Bell Tel. Co., Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994).Although Plaintiff may have been subject to "unfriendly" conduct, he has not presented admissible evidence such that a jury could reasonably conclude that he was subjected to a hostile work environment.

Assuming arguendo that the Court were able to consider the numerous unauthenticated entries contained in the Harassment Log and the emails; those documents's do little to bolster the Plaintiff's claim. The frequent sniffling by coworker Williams, as if an odor were present and occasional eye-rolling is very rude behavior; however it in no way raises to the level of behavior

so serious that the fact finder could label Plaintiff's work place a hostile work environment.

**2.     Discrimination Under § 1981**

Defendant contends that Plaintiff's § 1981 claim must fail because § 1981 is inapplicable in employment discrimination claims against federal government employers. It is well-settled that "[§] 1981 does not apply to employment discrimination cases involving the federal government." *Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990) (citing *Brown v. Gen. Serve. Admin.*, 425 U.S. 820, 827 n.8 (1976)). Because Defendant is a federal government employer, § 1981 does not apply, and Defendant is entitled to summary judgment on this claim.

### IV.  CONCLUSION

For the reasons noted herein, Defendant's Motion for Summary Judgment [Dkt. 31] is **GRANTED** in its entirety. A separate judgment shall issue in favor of Defendant, Robert Gates, Secretary, Department of Defense.

SO ORDERED: 11/09/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

**Daniel M Kininmonth**
LAW OFFICES OF DANIEL M. KININMONTH
ltck@insightbb.com

**Debra G. Richards**
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov,jennifer.parrott@usdoj.gov,linda.vanhorn@usdoj.gov

**Margaret A. Schutte**
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov,melanie.crouch@usdoj.gov,shaq.shockley@usdoj.gov